■ In the Matter of the Claim of LAVERNE KERNER, Respondent, v NEW YORK STATE ROSWELL PARK MEMORIAL INSTITUTE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 24, 1978, which found that claimant's accidental injury arose out of and in the course of his employment and awarded him benefits. The board found: "the evidence indicates claimant fell on a sidewalk which is under the control of the employer and claimant sustained an accident to the right wrist arising out of and in the course of employment." Substantial evidence in the record supports this determination of the board, and, accordingly, it must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

■ In the Matter of the Claim of MARY CROWLEY, Respondent, v GIMBELS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workers' Compensation Board, filed January 13, 1978 and July 21, 1978, which affirmed a referee's decision and held that decedent's death on February 24, 1975 was causally related to his work activities and constituted an accident which arose out of and in the course of his employment. The board found: "the credible lay and medical evidence, particularly the report of Dr. Erwin H. Friedman, indicates that the claimant involved in his duties as a store security officer was engaged in chasing and apprehending a shoplifter and that these activities for this individual were more than the ordinary wear and tear of life resulting in a coronary occlusion and death and this coronary occlusion and death were causally related to the claimant's work on February 24, 1975." There is substantial evidence to sustain the determination of the board. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.